United States District Court
Southern District of Texas

**ENTERED**

June 22, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMHERST SPECIALTY INSURANCE COMPANY, as subrogee of HAPPY AUTOMOTIVE LLC d/b/a KIA OF COVINGTON | § § § § § | CIVIL ACTION NO. H-26-2784 |
| Plaintiff, | § § | |
| v. | § § | |
| DRACMA LLC, VALDEZ TRANSPORTATION LLC, JCT AUTOMOTIVE LLC, CURV LOGISTICS GROUP INC. | § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

This dispute arises from the alleged loss of a 2025 Cadillac Escalade ESV during interstate transport. After Happy Automotive bought the Escalade, either JCT Automotive or Curv Logistics arranged for the vehicle to be shipped from North Carolina to Louisiana. Either Dracma or Valdez picked up the Escalade in North Carolina and delivered it to an unauthorized address in the Bronx, New York. The vehicle has not been recovered. Amherst Specialty Insurance Company, as Happy Automotive's subrogee, sued to recover at least the $134,500 it paid or will pay for the loss. Amherst asserts a Carmack Amendment claim against Dracma and Valdez, a conversion claim against Dracma and Valdez, and negligence claims against JCT Automotive LLC and Curv Logistics Group Inc. Valdez removed the case and has moved to dismiss only the conversion claim.

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss the conversion claim. The reasons for this ruling are set out below.

## I.    Background

Amherst alleges that Happy Automotive purchased a 2025 Cadillac Escalade ESV from Carolina Auto Direct through a Manheim automobile auction.  (Docket Entry No. 1-2 ¶ 10). Amherst alleges that either JCT Automotive or Curv Logistics arranged for the Escalade to be shipped from Carolina Auto Direct in Lincolnton, North Carolina, to Happy Automotive in Covington, Louisiana.  (*Id.* ¶ 11).  JCT Automotive allegedly posted the shipment on Super Dispatch; Dracma was awarded the shipment; and the shipment was later re-brokered, reassigned, or otherwise transferred to Curv Logistics and Valdez.  (*Id.* ¶¶ 12–15).

Amherst alleges that either Dracma or Valdez took possession of the Escalade in North Carolina in March 2025 and that a bill of lading acknowledged both the pickup of the vehicle and the instructions to deliver it to Happy Automotive in Louisiana.  (*Id.* ¶¶ 16–20).  The Escalade was not delivered to Happy Automotive.  Instead, Amherst alleges that Dracma or Valdez delivered it to an unauthorized address in Bronx, New York and that Happy Automotive has been unable to locate or recover it.  (*Id.* ¶¶ 21–24).

Amherst alleges that, under its insurance policy with Happy Automotive, it paid or will pay at least $134,500 for the loss of the Escalade.  (*Id.* ¶¶ 25–26).  Amherst alleges that, by making that payment and by operation of law, it became subrogated to Happy Automotive's claims against the person or entity liable for the loss.  (*Id.* ¶ 27).

Amherst asserts a Carmack Amendment claim against Dracma and Valdez, alleging that one of them was the carrier in possession of the Escalade, received it in new and undamaged condition, and lost it during transport.  (*Id.* ¶¶ 28–31).  Amherst also asserts a conversion claim against Dracma and Valdez, alleging that they wrongfully exercised dominion or control over the Escalade by delivering it to an unauthorized third party in New York.  (*Id.* ¶¶ 32–37).  Amherst

asserts negligence claims against JCT Automotive and Curv Logistics for allegedly entrusting the Escalade to an incompetent or unfit motor carrier and for negligent hiring, training, and supervision. (*Id.* ¶¶ 38–62).

Valdez moved to dismiss only the conversion claim, arguing that the Carmack Amendment provides the exclusive remedy for loss or damage to goods during interstate transportation and preempts Amherst's conversion claim. (Docket Entry No. 4). Valdez filed an answer subject to its partial motion to dismiss. (Docket Entry No. 5). Valdez admits that Curv Logistics hired it to transport the shipment, that it took physical possession of the Escalade in North Carolina, that it issued a bill of lading acknowledging the pickup of the Escalade, and that it was delivered to the consignee at the Bronx address. (Docket Entry No. 5 ¶¶ 5, 8, 10, 12). Amherst responds that the conversion claim should survive because the Original Petition alleges intentional diversion and unauthorized delivery to a third party, rather than ordinary cargo loss. (Docket Entry No. 6).

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

3

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. Dec. 15, 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III.    Analysis

Plaintiffs may bring a claim for lost, damaged, or delayed cargo in interstate shipping under the Carmack Amendment. *See* 49 U.S.C. § 14706(a).  The Carmack Amendment governs liability of motor and railway carriers for lost, damaged, or delayed cargo in interstate shipping. *See id.*  A claim under the Carmack Amendment can be brought "against a delivering carrier in a district court of the United States or in a State court." *Id.* § 14706(d)(1).  The Carmack Amendment "was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment." *Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 706 (4th Cir. 1993).

Under Texas law, "[c]onversion is the wrongful assumption and exercise of dominion and control over the personal propererty of another to the exclusion of, or inconsistent with, the owner's rights." *Action Towing, Inc. v. Mint Leasing, Inc.*, 451 S.W.3d 525, 530 (Tex. App.—Houston [1st Dist.] 2014) (citing *Burns v. Rochon*, 190 S.W.3d 263, 267–68 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).  To establish conversion of personal property, "a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and

control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *Apple Imports, Inc. v. Koole,* 945 S.W.2d 895, 899 (Tex. App. 1997, writ denied).

The "Carmack Amendment preempts state law conversion actions." *Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.,* 762 F.3d 332, 338 (3d Cir. 2014). But the Fifth Circuit has held that "[i]n some circumstances, where a carrier has intentionally converted for its own purposes the property of the shipper, traditional true conversion claims should be allowed to proceed, as not preempted by the Carmack Amendment, and limitations on liability should be considered inapplicable." *Tran Enters., LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1009 (5th Cir. 2010).

In *Tran Enters.*, DHL delivered packages for Nutrition Depot but failed to remit collect-on-delivery payments. *Id.* at 1007. Nutrition Depot asserted Texas state-law claims for breach of fiduciary duty, breach of contract, conversion, and theft, along with a Carmack claim. *Id.* The court held that the Carmack Amendment preempted the state-law claims because they arose from the interstate shipments. *Id.* at 1009. The court noted that the plaintiff "failed to present any summary judgment evidence that true conversion has occurred, instead merely offering the fact that it did not receive the checks." *Id.* at 1010.

Even construed liberally, Amherst does not allege facts sufficient to overcome Carmack preemption. The original petition alleges the elements of conversion in general terms, but it does not allege that Valdez intentionally converted the Escalade for Valdez's own use or benefit. (Docket Entry No. 1-2 ¶¶ 32–37). Amherst tries to fill that gap in its response by emphasizing the distance between the vehicle's intended destination in Louisiana and the delivery in New York. (Docket Entry No. 6 at 7). Amherst argues that the allegations as to the distance, combined with

5

delivery to an unauthorized third party and the inability to recover the vehicle, supports an inference of intentional conversion. (*Id.* at 7–8). But those allegations describe an unauthorized delivery or misdelivery during interstate transportation. They do not support a reasonable inference that Valdez appropriated the Escalade for its own purposes.

Amherst's explanation is insufficient to avoid Carmack preemption. The court must draw reasonable inferences in the plaintiff's favor at the Rule 12(b)(6) stage, but it need not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996)). The more reasonable reading of the petition is that it alleges a cargo-loss claim arising from interstate transportation, which is exactly the type of claim Carmack governs.

## IV.    Conclusion

The court grants the motion for partial dismissal, with leave to amend, to allow Amherst an opportunity to allege facts showing that Valdez intentionally converted the Escalade for its own use or benefit. Any amended complaint must be filed by July 20, 2026. If Amherst can allege only unauthorized delivery, misdelivery, or loss during interstate transportation, the Carmack Amendment will provide the only claim.

SIGNED on June 22, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

6