United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMHERST SPECIALTY INSURANCE COMPANY, as subrogee of HAPPY AUTOMOTIVE LLC d/b/a KIA OF COVINGTON | § | CIVIL ACTION NO. H-26-2784 |
| Plaintiff, | § | |
| v. | § | |
| DRACMA LLC, VALDEZ TRANSPORTATION LLC, JCT AUTOMOTIVE LLC, CURV LOGISTICS GROUP INC. | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This dispute arises from the alleged loss of a 2025 Cadillac Escalade ESV during interstate transport. Amherst Specialty Insurance Company, as Happy Automotive's subrogee, sued to recover at least the $134,000 it paid or will pay for the loss. Amherst, in its first complaint, asserted a Carmack Amendment claim against Dracma and Valdez, a conversion claim against Dracma and Valdez, and negligence claims against JCT Automotive LLC and Curv Logistics Group Inc. (Docket Entry No. 1-2). Valdez removed the case and moved to dismiss only the conversion claim. (Docket Entry Nos. 1, 4). In a detailed memorandum and opinion, the court granted the motion for partial dismissal, with leave to amend, to allow Amherst an opportunity to allege facts showing that Valdez intentionally converted the Escalade for its own use or benefit. (Docket Entry No. 11).

JCT Automotive has also moved to dismiss, (Docket Entry No. 10), arguing that the Federal Aviation Administration Authorization Act preempts the negligence claims, (Docket Entry 1-2). Amherst has not responded. Instead, Amherst, in its amended complaint, removed the

conversion claims, removed the negligence claims, and added a breach-of-contract claim against JCT Automotive. (*See* Docket Entry No. 14). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss, with prejudice, the negligence claims against JCT Automotive, (Docket Entry No. 10). The reasons for this ruling are set out below.

## I. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. Dec. 15, 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## II. Analysis

Amherst "amended [its] complaint while . . . [JCT Automotive]'s motion [to dismiss] was pending." *See Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018); (*compare* Docket Entry No. 10, *with* Docket Entry No. 14). "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Rountree*, 892 F.3d at 683 (citing 6 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1476 (3d ed. Apr. 2018)). "Rather, '[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'" *Id.* at 683–84 (citations omitted). Under these circumstances, JCT Automotive need not move again for dismissal of the negligence claims. *See id.* Amherst has not provided additional, responsive facts in the amended complaint and has not responded to the motion to dismiss, which is ready for a ruling. (*Compare* Docket Entry No. 10, *with* Docket Entry Nos. 1-2, 14). Instead, Amherst removed the negligence claims at issue and added breach-of-contract claims. *See id.*

Amherst, in its original complaint, asserted claims for negligent entrustment; negligent hiring, training, and supervision; and negligence against JCT Automotive. (Docket Entry No. 1-2). JCT Automotive argues that several Circuits "that have evaluated claims similar to Plaintiffs' claims, rooted in a federally[-]licensed broker's alleged negligent hiring of a motor carrier, have concluded that such claims are expressly preempted under the [Federal Aviation Administration Authorization Act], 49 U.S.C. § 14501." (Docket Entry No. 10 at 5–6 (collecting cases)); (*id.* at 3 (noting that "[t]he only role JCT served in relation to the incident was that of a federally[-]licensed freight broker")). JCT Automotive argues that the Federal Aviation Administration Authorization Act's safety exception is inapplicable because "the alleged tort at issue: the theft of

cargo, does not trigger the state's interest in road safety." (*Id.* at 5–6). Amherst has not refuted JCT Automotive's arguments, provided case law to the contrary, or provided additional facts to warrant a contrary conclusion. The court observes no legitimate justification to depart from the reasoning in the cases cited, which has been aptly summarized in *Farfan v. Old Dominion Freight Line, Inc.*, 744 F. Supp. 3d 763, 768 (S.D. Tex. 2024): "In total, three Circuits have addressed the issue of whether negligent hiring claims against brokers are preempted. On the first step of the analysis, they all found that the preemption provision applied . . . On the second step, however, the Circuits are split on whether these kinds of common law claims fall within the safety exception."

Rather than curing the alleged deficiencies in the complaint or providing a response to the motion to dismiss, Amherst removed the negligence claims. (*Compare* Docket Entry No. 14, *with* Docket Entry No. 1-2). Based on the pleadings, the motion, the record, and the applicable law, the court dismisses the negligence claims with prejudice. *See Lee v. Forest River, Inc.*, No. 17-2103, 2017 WL 6624029, at *1 (E.D. La. Dec. 28, 2017) ("Because plaintiff was provided an opportunity to cure the deficiencies in [the] complaint and failed to do so, the Court dismisses these claims with prejudice." (*citing Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("[A]n affirmance of the district court's dismissal of [the] municipal liability claims is required. This is because a plaintiff is not entitled to 'an opportunity to satisfy the heightened pleading requirements' of municipal liability cases when [the plaintiff] simply 'declares the adequacy of [the] complaint' in 'response to the motion to dismiss.'"))).

## III. Conclusion

The court grants the motion to dismiss the negligence claims against JCT Automotive, (Docket Entry No. 10), with prejudice.

SIGNED on November 2, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge